HUMMEL v. ACKERMANN.

(Supreme Court, Appellate Term. April 24, 1905.)

1. LIVERY STABLE KEEPERS—HIRING OF CARRIAGES—EVIDENCE.

On the issue of the number of carriages furnished by plaintiff for defendant at a funeral, evidence *held* to support defendant's contention that but three carriages were furnished, instead of six, as claimed by plaintiff.

2. SAME.

The fact that defendant, for whom plaintiff furnished carriages at a funeral, demanded and received from a relief committee money enough to pay for six carriages, which was the number plaintiff claimed to have furnished, would not defeat his defense that but three were furnished by defendant, where he showed that he offered to return the excess money to the committee.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Conrad Hummel against Xavier Ackermann. From a judgment for plaintiff, defendant appeals. Affirmed on condition.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Rudolph Loreck, for appellant.

Thomas F. Coen, for respondent.

GREENBAUM, J. The action was brought to recover the sum of $166.50, being the amount of an undertaker's bill. The defendant paid into court the sum of $148.50, and the only issue tried was whether the plaintiff had furnished six coaches at the funeral, or only three. The value of such service for each coach was $6. While there seems to be an honest dispute between the parties, I think that the proofs so largely preponderate in favor of the defendant as to require a reversal. Three months after the funeral, defendant procured a bill from the plaintiff, and immediately thereupon and consistently thereafter maintained that he did not have six coaches at the funeral. He proved by six witnesses besides himself, most of whom were apparently wholly disinterested, that he had but five carriages at the funeral, and that two of them were hired from another party, whose bill for their use he had paid. Plaintiff's case was supported only by the testimony of himself, his two daughters, and one son. His son-in-law, who had charge of the funeral— the only person, apparently, who had actual knowledge of the number of carriages used—was not called. The testimony of all the plaintiff's witnesses was to the effect that they checked off six coaches as they left plaintiff's place of business. That, however, is not sufficient proof that six carriages of plaintiff's were at defendant's disposal. None of plaintiff's witnesses attended the funeral, and the plaintiff's son did not contradict the testimony of defendant's sister-in-law to the effect that he told her the plaintiff was able to furnish but three carriages. The plaintiff on the day in question had seven or eight funerals, due to the unfortunate Slocum disaster. This may easily account for error on his part.

The mere fact that defendant presented the full bill of $166.50 to the Slocum relief fund committee, and that the same was paid, will not defeat his defense. He testified that he offered, in writing, to return to the fund committee the $18 excess.

If the respondent stipulate to reduce the judgment to $148.50, the judgment, as so reduced, will be affirmed, without costs to either party. Otherwise the judgment will be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.